# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ERVIN MUHAREMI

**(b)** County of Residence of First Listed Plaintiff    New Castle (DE)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

### DEFENDANTS

NTP MARBLE, INC. d/b/a COLONIAL MARBLE & GRANITE

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Brief description of cause:
FAILURE TO PAY OVERTIME COMPENSATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
Mar 3, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: 201 W. Church Road, King of Prussia, PA 19406 _____

---

*RELATED CASE IF ANY:*   Case Number:_____   Judge:_____

1.   Does this case involve property included in an earlier numbered suit?   Yes ☐

2.   Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.   Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.   Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.   Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**   *Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Wage and Hour Class Action/Collective Action
☐   6.   Patent
☐   7.   Copyright/Trademark
☐   8.   Employment
☐   9.   Labor-Management Relations
☐   10.  Civil Rights
☐   11.  Habeas Corpus
☐   12.  Securities Cases
☐   13.  Social Security Review Cases
☐   14.  Qui Tam Cases
☐   15.  Cases Seeking Systemic Relief  **\*see certification below\***
☒   16.  All Other Federal Question Cases. *(Please specify)*: FLSA_____

**B.**   *Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury (*Please specify*):_____
☐   7.   Products Liability
☐   8.   All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------
ERVIN MUHAREMI                              :
31 Crestpoint Drive                         :      CIVIL NO. _____
New Castle, DE 19720                        :
                                            :      JURY TRIAL DEMANDED
                    Plaintiff,              :
                                            :
              v.                            :
                                            :
NTP MARBLE, INC.                            :
d/b/a COLONIAL MARBLE & GRANITE             :
201 W. Church Road                          :
King of Prussia, PA 19406                   :
                                            :
                    Defendant.              :
-----------------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Ervin Muharemi ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, NTP Marble, Inc. d/b/a Colonial Marble & Granite ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him overtime compensation for all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq*.

2. Plaintiff further alleges that Defendant failed to pay Plaintiff his agreed upon wages for all compensable work performed for Defendant in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.,* and breached its contractual obligations towards Plaintiff under Pennsylvania common law.

3.    As a result of Defendant's improper and willful failure to pay Plaintiff in accordance with the requirements of the FLSA, PMWA, WPCL, and Pennsylvania law, Plaintiff has suffered damages.

## PARTIES

4.    Plaintiff Ervin Muharemi is a citizen of the United States, and currently maintains a residence at 31 Crestpoint Drive, New Castle, DE 19720.

5.    Defendant NTP Marble, Inc. d/b/a Colonial Marble & Granite, is a for-profit company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 201 W. Church Road, King of Prussia, PA 19406.

6.    Defendant is a "private employer" and covered by the FLSA.

7.    Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

8.    Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

9.    At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

11.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

13.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

14.    Paragraphs 1 through 13 are hereby incorporated by reference as though fully set forth at length herein.

15.    Plaintiff began his employment with Defendant in or around January 2022, in the position of Service Technician.

16.    At all times material hereto, Plaintiff worked out of Defendant's office in King of Prussia, Pennsylvania.

17.    In his capacity as a Service Technician, Plaintiff's primary job duty involved the performance of manual labor in the form of granite repair and installation for Defendant's clients.

18.    Plaintiff is paid a day rate for compensable work performed.

19.    By way of example, Plaintiff is paid at the rate of $650.00 per working day for all hours worked and all jobs worked, regardless of the number of granite repairs and/or installations he performed for Defendant's clients on behalf of Defendant.

20.    Plaintiff works approximately four (4) days per workweek, sometimes five (5).

21.    Plaintiff routinely starts his workday at or around 6:00 AM.

22.    Plaintiff routinely ends his workday at approximately 8:00 PM.

23.    Despite the fact that Plaintiff works significantly in excess of forty (40) hours per week, he does not receive any overtime compensation for overtime hours worked.

24.    Plaintiff is classified as an independent contractor by Defendant and paid on a day rate basis, and is not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

25.    Plaintiff is misclassified by Defendant as an independent contractor and is, in actuality, a non-exempt employee of Defendant within the meaning of the FLSA and PMWA.

26.    In the performance of his duties, Defendant provides Plaintiff with a work schedule that he is required to follow.

27.    Plaintiff does not have the ability to choose which clients of Defendant he provides services to, and instead reports to clients at the direction of Defendant.

28.    Defendant requires Plaintiff to wear a company uniform while performing his duties for Defendant, which brandishes Defendant's company name and logo.

29.    Defendant provides Plaintiff with a company vehicle for use while Plaintiff performs his duties for Defendant, which brandishes Defendant's company name and logo.

30.    Defendant provides Plaintiff with tools and equipment that are necessary in the performance of his normative job responsibilities with and for Defendant.

31.     By way of example, upon information and belief, during the week of June 29, 2024, Plaintiff worked approximately sixty-five (65) hours.

32.     Despite working approximately twenty-five (25) hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation. Instead, Plaintiff received only his day rate of $650.00 for each day worked.

33.     Plaintiff is paid on a day rate basis, and, as such, does not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

34.     Plaintiff does not have the authority to hire, fire, or discipline other employees of Defendant, nor does he make recommendations with respect to employee status changes to which Defendant gives substantial weight.

35.     Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

36.     Plaintiff does not perform non-manual office work directly related to Defendant's management or general business operations, nor does he exercise discretion or independent judgment regarding matters of significance to Defendant.

37.     Accordingly, Plaintiff is not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

38.     Plaintiff's primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff is required to perform his job

responsibilities in accordance with specific guidelines, protocols, and/or procedures provided by Defendant.

39. Accordingly, Plaintiff is not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

40. Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

41. Plaintiff is, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and therefore entitled to overtime compensation for all hours he worked over forty (40) in a workweek.

42. Additionally, upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

43. At all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read.

44. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA/PMWA.

45. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**FACTS RELATED TO PLAINTIFF'S
CLAIMS FOR UNPAID WAGES UNDER THE WPCL
AND FOR BREACH OF CONTRACT**

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47. As indicated above, Plaintiff entered into an agreement with Defendant to be paid $650.00 per working day, regardless of the number of granite repairs and/or installations he performed for Defendant's clients on behalf of Defendant.

48. Between September 14, 2024 and November 23, 2024, Defendant failed to pay Plaintiff for nine (9) weeks of compensable work performed with and for Defendant, which was confirmed by Defendant's accountant, Laura Azemi ("Ms. Azemi") on January 22, 2025.

49. In this regard, Defendant did not deny that Plaintiff is owed wages, but simply refused to pay him.

50. As a result, Defendant has willfully refused to pay Plaintiff wages that are due and owing in violation of the WPCL.

51. Defendant has breached its contractual obligations to Plaintiff by failing to pay him wages and/or compensate him for the services he performed during his employment.

52. Defendant appreciated and unjustly retained the benefit of the services provided by Plaintiff, for which Plaintiff reasonably expected to receive compensation, resulting in harm to Plaintiff.

53. As a result of the above, Plaintiff suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

54. Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

55. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

56. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

57.     Defendant misclassified Plaintiff as an independent contractor, rather than an employee, within the meaning of the FLSA/PMWA, thus failing to pay him overtime compensation for all hours worked over forty (40) in a workweek.

58.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

59.     Defendant's actions are willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

60.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to;

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.      For all additional general and equitable relief to which Plaintiff may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

61.     Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

63.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than on and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

64.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff.

65.     As a result of Defendant's unlawful acts, Plaintiffs has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES DUE AND OWING

66.     Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67.     Plaintiff and Defendant entered into an agreement whereby Plaintiff would be compensated at a certain daily rate in exchange for his labor.

68.     Between September 14, 2024 and November 23, 2024, Defendant failed to pay Plaintiff for nine (9) weeks of compensable work performed with and for Defendant, which was confirmed by Defendant's accountant, Laura Azemi ("Ms. Azemi") on January 22, 2025.

69.     The aforementioned hourly pay constitutes "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

70.     Defendant violated the WPCL by failing to pay Plaintiff his earned wages.

71.     Defendant willfully violated the WPCL by refusing to pay Plaintiff his wages even after repeated requests for payment, despite having no good faith basis for denying payment to Plaintiff for the work he performed.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff in an amount equal to his unpaid wages;

B.      Liquidated damages of twenty-five percent (25%) under the WPCL;

C.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## BREACH OF CONTRACT

72.      Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73.      Plaintiff and Defendant entered into an agreement whereby Plaintiff would be compensated at a certain daily rate in exchange for his labor.

74.      Between September 14, 2024 and November 23, 2024, Defendant failed to pay Plaintiff for nine (9) weeks of compensable work performed with and for Defendant, which was confirmed by Defendant's accountant, Laura Azemi ("Ms. Azemi") on January 22, 2025.

75.      Defendant received and appreciated the benefit of the services provided by Plaintiff.

76.      However, Defendant failed to pay Plaintiff for the weeks of work he performed as aforesaid.

77.      Defendant failed to fulfill its obligations, duties, and/or promises with respect to paying Plaintiff as aforesaid.

78.    As a direct and proximate result of Defendant's breach of its contractual obligations, Plaintiff has suffered and continue to suffer damages.

**WHEREFORE**, as a result of Defendant's breach of its agreement to pay Plaintiff, Plaintiff respectfully requests that this Court entered a judgment in his favor and against Defendant and grant Plaintiff the maximum relief allowed by the law, including, but not limited to:

A.    Compensatory/actual damages in an amount to be determined, including, but not limited to, wages for Plaintiff's unpaid hours worked as described above; and

B.    Such other and further relief as the Court may deem just, proper, and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Mary Kramer*
Mary Kramer, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: March 3, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation