Christopher L. Scott (PA # 200976)
Thomas, Thomas & Hafer, LLP
P.O. Box 1275
Camp Hill, PA  17001
(717) 237-7111
cscott@tthlaw.com
*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERVIN MUHAREMI,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | **NO.: 25-01117-HB** |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| **NTP MARBLE, INC.,** | : | |
| **d/b/a COLONIAL MARBLE** | : | |
| **& GRANITE** | : | |
| **Defendant** | : | |

## <u>DEFENDANT, NTP MARBLE, INC., d/b/a COLONIAL MARBLE & GRANITE'S, ANSWER TO PLAINTIFF'S COMPLAINT</u>

NOW COMES Defendant, NTP Marble, Inc., d/b/a Colonial Marble & Granite, (hereinafter the "Defendant"), by and through its attorneys, Christopher L. Scott, Esq., and the law offices of Thomas, Thomas & Hafer, LLP, and hereby files this Answer to the Plaintiff's Complaint (Doc 1), and avers as follows:

### I. NATURE OF THE ACTION

1. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

2. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

3. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## II. PARTIES

4. Admitted based upon information and belief.

5. Admitted in part and denied in part. It is admitted that the address listed is accurate; however, it is denied that Defendant is an correct party to the action. Strict proof is demanded.

6. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

7. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

8. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

9.  Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## III.  JURISDICTION AND VENUE

10. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

11. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

13. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## IV. FACTUAL BACKGROUND

14. Defendant incorporates its responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations; specifically related to Plaintiff's relationship with employer.

16. Admitted.

17. Admitted.

18. Admitted in part and denied in part. It is admitted that Plaintiff was paid a day rate; however, to the extent that any inference is taken, it is denied that Plaintiff was an employee of Defendant. Strict proof is demanded.

19. Admitted in part and denied in part. It is admitted that Plaintiff was paid a day rate; however, to the extent that any inference is taken, it is denied that Plaintiff was an employee of Defendant. Strict proof is demanded.

20. Admitted in part and denied in part. It is admitted that Plaintiff worked with Defendant several days per week; however, to the extent that any inference is taken, it is denied that Plaintiff was an employee of Defendant. Strict proof is demanded.

21. Denied. The information within the allegation is unknown to defendant and is therefore denied.

22. Denied. The information within the allegation is unknown to defendant and is therefore denied.

23. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work.

24. Admitted.

25. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work.

26. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

27. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

28. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

29. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

30. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

31. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that factual averments are included and are required to be responded, the same is denied based upon lack of knowledge.

32. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that factual averments are included and are required to be responded, the same is denied based upon lack of knowledge.

33. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

34. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

35. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

36. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

37. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

38. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

39. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

40. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

41. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

42. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

43. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

44. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

45. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

46. Incorporation paragraph to which no response is required.

47. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

48. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

49. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

50. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

51. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

52. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

53. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies the allegations as stated and further denies any implication of unlawful conduct.

**COUNT I**

54. Incorporation paragraph to which no response required.

55. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or

improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

56. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

57. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

58. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

59. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

60. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or

improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

**COUNT II**

61. Incorporation paragraph to which no response is required.

62. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

63. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

64. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

65. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies that Plaintiff was misclassified as exempt or improperly paid for overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

**COUNT III**

66. Incorporation paragraph to which no response is required.

67. Admitted.

68. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

69. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

70. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

71. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that

Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

**COUNT IV**

72. Incorporation paragraph to which no response is required.

73. Admitted.

74. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

75. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

76. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work

including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

77. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

78. Denied. This paragraph contains conclusions of law to which no response is required. Defendant denies all factual averments and any inference that Plaintiff was misclassified as exempt or improperly paid for any work including but not limited to overtime work. Defendant denies the allegations as stated and demands strict proof thereof.

**Response to *Ad Damnum* Clauses, Collectively**

Plaintiff is not entitled to any damages. Any damages Plaintiff suffered are solely the result of his own actions or inactions. Upon dismissal of this action, Defendant will seek recovery of its costs pursuant to Rule 54 and may seek recovery of its attorneys' fees upon showing that Plaintiff initiated and continued this action in bad faith.

### *AFFIRMATIVE DEFENSES*

Defendant, NTP Marble, Inc., d/b/a/ Colonial Marble & Granite, asserts the following Affirmative Defenses to Plaintiff's Complaint

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are untimely.

## THIRD AFFIRMATIVE DEFENSE

The continuing violations doctrine is inapplicable because any alleged actions occurring within the statute of limitations period are: false; do not constitute actionable discrimination; or were not part of the same alleged unlawful employment practice as the untimely allegations.

## FOURTH AFFIRMATIVE DEFENSE

The complaint does not comply with the pleading requirements under the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

## SIXTH AFFIRMATIVE DEFENSE

In the event Plaintiff suffered any loss, which Defendant denies, any such loss or damage was not caused by any alleged conduct of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA or PMWA.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Pennsylvania and/or United States Constitutions.

Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to any recovery in this action because he was, and is, exempt from the minimum wage and/or overtime requirements of the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages he may have suffered or has mitigated his damages and, therefore, is not entitled to any economic damages in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the acts alleged in the complaint were not asserted in the administrative claim and, therefore, are not ripe for purposes of this litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Retaliation was not the but-for cause of any alleged adverse action.

WHEREFORE, Defendant, NTP Marble, Inc., d/b/a/ Colonial Marble & Granite, respectfully requests that Plaintiff's Claims against Defendant be dismissed with prejudice, and that judgment be entered in favor of the Defendant.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

Date: 5/5/2025                 By:  /s/ Christopher L. Scott
                                    Christopher L. Scott (PA #200976)
                                    cscott@tthlaw.com
                                    255 Grandview Ave, 5th Floor
                                    Camp Hill, PA 17011
                                    717.237.7111 (telephone)
                                    717.237.7105 (facsimile)
                                    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Christopher L. Scott, Esquire, of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that I sent a true and correct copy of the foregoing document to the parties in the manner and on the date set forth below:

**VIA: ECF FILING**
Mary Kramer, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
(267) 273-1054
*Counsel for Plaintiff*

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

Date: 5/5/2025             By:   */s/ Christopher L. Scott*
                                  Christopher L. Scott (PA #200976)
                                  cscott@tthlaw.com
                                  255 Grandview Ave, 5th Floor
                                  Camp Hill, PA 17011
                                  717.237.7111 (telephone)
                                  717.237.7105 (facsimile)
                                  *Counsel for Defendant*