IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERVIN MUHAREMI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NTP MARBLE, INC. d/b/a | : | NO. 25-1117 |
| COLONIAL MARBLE & GRANITE | : | |

MEMORANDUM

Bartle, J.                                        December 4, 2025

Plaintiff Ervin Muharemi has filed suit against NTP Marble, Inc. d/b/a Colonial Marble & Granite. He alleges that he was an employee of defendant and that it failed to pay him overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19; the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. §§ 333.101-333.115; and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. §§ 260.1-260.45. Before the court is the defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The FLSA, PMWA, and the WPCL provide certain wage protections to employees but not to independent contractors. See e.g. 29 U.S.C. §§ 203(e) and 206; 43 Pa. Stat. Ann. §§ 260.3, 331.101, 333.104. The defendant maintains that the undisputed evidence demonstrates that plaintiff was an independent contractor.

It is a mixed question of fact and law whether a person is an employee or an independent contractor under the FLSA and PMWA.  <u>Verma v. 3001 Castor, Inc.</u>, 937 F.3d 221, 229 (3d Cir. 2019).  Determining if an individual fits into one category or the other is not always easily discernable.  This circuit and the Pennsylvania courts utilize the same six factors to resolve this issue:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed;

> (2) the alleged employee's opportunity for profit or loss depending upon her managerial skill;

> (3) the alleged employee's investment in equipment or materials required for her task, or her employment of helpers;

> (4) whether the service rendered requires a special skill;

> (5) the degree of permanence of the working relationship; and

> (6) whether the service rendered is an integral part of the alleged employer's business.

<u>Id.</u> (citation modified).

No one factor is dispositive.  Our Court of Appeals has explained that:

> a court should consider them together in the
> circumstances of the whole activity to
> determine whether the worker is dependent
> upon the business to which she renders
> service or is, as a matter of economic
> reality, operating an independent business
> for herself.

Id. at 230 (citation modified).

Separately, this circuit and Pennsylvania courts evaluate ten other factors to determine whether a worker is an employee under the WPCL:

(1) the control of the manner that work is to be done;

(2) responsibility for result only;

(3) terms of agreement between the parties;

(4) the nature of the work or occupation;

(5) the skill required for performance;

(6) whether one employed is engaged in a distinct occupation or business;

(7) which party supplies the tools;

(8) whether payment is by the time or by the job;

(9) whether the work is part of the regular business of the employer; and

(10) the right to terminate the employment at any time.

Williams v. Jani-King of Phila. Inc., 837 F.3d 314, 320 (3d Cir. 2016).

None of these factors for a WPCL claim is dispositive, but the first factor——the right to control the manner in which

the work is accomplished——is "paramount." Id. (quoting Morin v. Brassington, 2005 PA Super 107).

It is clear from the record that this action cannot be decided on a motion for summary judgment. Some of the evidence seems to favor the plaintiff and some the defendant. There are genuine disputes of material fact so that the court cannot hold as a matter of law under Rule 56 that plaintiff was an independent contractor. Rather, it will be for the jury to weigh the relevant facts in light of the economic realities and the factors outlined in Verma and Jani-King.

Accordingly, the motion of defendant for summary judgment will be denied.